## NORRIS *et al. v.* UNITED STATES.

*(Circuit Court, W. D. Louisiana. January 5, 1891.)*

**ACTION FOR TIMBER CUT FROM PUBLIC LAND—VERDICT.**

In an action by the United States against an executor for the value of timber cut from public land and sold by the trespasser to defendant's testator a verdict finding that the trespasser cut the logs, and that defendant got them without finding that the logs were cut from the land described in the petition, or from government land, or that they ever came into the possession of defendant's testator, is insufficient to sustain a judgment against defendant.

At Law. Error to district court.

*J. L. Bradford*, for plaintiff in error.

*M. C. Elstner*, Dist. Atty., for defendant in error.

PARDEE, J. The United States brought suit against Mrs. Annie E. Norris, wife of William B. Norris, executrix of the last will and testament of her deceased mother, Mrs. Matilda B. Jones, to recover the value of certain timber or trees cut from the public lands of the United States, viz., N. E. ¼ of N. W. ¼, and N. W. ½ of N. E. ¼, sec. 7, T. S. 7, R. 7 W., La. meridian, N. O. land district, and also E. ½ of N. E. ¼ of said section, being vacant public lands, by trespassers, and unlawfully converted by the said Mrs. M. B. Jones, in her life-time, to her own use. Said Mrs. Norris pleaded several exceptions and a general de-

nial, and thereafter, the case coming on before the court and jury for trial, the jury rendered the following verdict:.

"We, the jury, find as facts in this case that Parker cut two hundred and twenty logs from the land subsequently entered, to-wit, S. ¼, N. E. ¼, S. E. ½, N. W. ¼, sec. 7, T. S. 7, R. 7 W. This cutting was made in 1883 and 1884, and that said lands were entered and paid cash for entry September 27, 1886; that Parker never lived upon nor entered upon or improved the said lands, and is not living on said lands to-day; that Parker cut forty logs off E. ½, same section, vacant lands; that Norris got thirty of the last-named logs and one hundred and eighty of the first-named logs, the logs averaging two hundred and twenty-five feet, and worth five dollars ($5.00) per thousand at the bay where Norris received them, and fifty cents a tree standing, for one hundred and five trees."

Upon this verdict the court rendered the following judgment:

"In this case, by reason of the verdict of the jury, and by reason of the law and the evidence being in favor thereof, it is ordered, adjudged, and decreed that the plaintiffs do have and recover of the defendant, Mrs. Annie E. Norris, executrix, the sum of one hundred and eighty-nine dollars, ($189.00,) with legal interest from May 13, A. D. 1887, until paid, and all costs of suit."

From this judgment this writ of error is prosecuted. On the trial several bills of exception were taken to the charges and refusals to charge on the part of the court. It does not seem necessary to consider them, because it does not appear that the verdict as above recited warranted any judgment whatever against the defendant. The 220 logs found to have been cut by Parker in 1883 and 1884 are not found to have been cut upon any lands described in the petition, and there is nowhere in the verdict a finding that any of the logs found to have been cut by Parker were cut off from government lands, or ever came to the possession of defendant's testatrix. The verdict does not appear to warrant any judgment whatever against the defendants. It is therefore ordered, adjudged, and decreed that the judgment of the district court in the case of Mrs. Annie E. Norris be avoided and reversed, and that the case be remanded to the district court, with directions to award a trial de novo.